**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DARRYL B. RICE** | ) | **Case No.: 1:26-cv-00155-MWM-KLL** |
| | ) | |
| **Plaintiff,** | ) | **Judge Matthew W. McFarland** |
| | ) | |
| **-v-** | ) | |
| | ) | |
| **MARY SCHELL,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

**I.      INTRODUCTION[1]**

Plaintiff's opposition brief ("Opposition") cannot hide the fatal deficiencies in his Complaint.

Plaintiff's Opposition wholly fails to identify *any* "concrete, particularized, and actual or imminent" injury to support his First and Fourteenth Amendment claims. *First Choice Women's Res. Ctrs., Inc. v. Davenport*, 146 S.Ct. 1114, 1122 (2026) (quoting *Diamond Alt. Energy, LLC v. EPA*, 606 U.S. 100, 111 (2025)).  Nowhere in his Complaint, deposition testimony, Opposition, or other filings does Plaintiff allege that the Individual Defendants or anyone at the University punished him, took any adverse action against him, or otherwise attempted to prohibit him from speaking about, discussing, or teaching DEI-related topics or from meeting with students, faculty, or other persons outside the University to discuss DEI-related topics.  Plaintiff's deposition

---

[1] All capitalized terms which are undefined in this Reply have the meaning set forth in Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment, Doc. 29.

admissions establish that he has suffered no disciplinary action, no salary reduction, no denial of promotion, no demotion, nor has any such action been threatened.  Plaintiff's general fears of the unknown or speculative fears of hypothetical future harm are insufficient to establish Article III standing.

Even if Plaintiff could establish Article III standing, Plaintiff's Fourteenth Amendment, Title VII and Promissory Estoppel claims remain fatally flawed.  Nowhere in his Complaint, deposition testimony, Opposition, or other filings does Plaintiff allege intentional discrimination – an essential element of his Equal Protection claim – or identify any protected liberty or property interest of which he has been deprived, a fatal shortcoming to both his Due Process and Void-for-Vagueness claims.  Nor does Plaintiff address his failure to exhaust administrative remedies – a condition precedent to any Title VII action.  He has not alleged that he filed a charge with the EEOC or received a right-to-sue letter, and absent such exhaustion, his Title VII claims cannot proceed.  Lastly, Plaintiff fails to address – and cannot overcome – the Eleventh Amendment bar to his Promissory Estoppel claim.

For the foregoing reasons, the Individual Defendants respectfully request that the Court grant this Motion and dismiss all of Plaintiff's claims against them with prejudice or, in the alternative, enter summary judgment in the Individual Defendants' favor on each of Plaintiff's claims.

## II.    ARGUMENT

### A. Plaintiff has not established Article III standing for his First and Fourteenth Amendment claims.

Before reaching the merits of any lawsuit, a court must first determine whether the plaintiff has standing to bring the claims asserted.  "Article III of the Constitution vests federal courts with the 'judicial Power' to decide 'Cases' and 'Controversies.'"  *First Choice Women's Res. Ctrs.,*

2

*Inc.*, 146 S.Ct. at 1121 (quoting U.S. CONST. art. III, § 2, cl. 1).  "Inherent in that assignment is a 'standing' requirement consisting of three elements: 'injury in fact, causation, and redressability.'" *Id.* (quoting *Diamond Alt. Energy, LLC*, 606 U.S. at 110-111).  To satisfy the injury-in-fact element of Article III standing, "a case must involve 'an injury that is concrete, particularized, and actual or imminent.'" *Id.* at 1122 (quoting *Diamond Alt. Energy, LLC*, 606 U.S. at 111).  Plaintiff cannot satisfy this requirement for any of his First or Fourteenth Amendment claims.  Each fails for the same fundamental reason: Plaintiff has suffered no concrete harm – the undisputed factual record confirms as much.

*First Amendment Claims*

In relation to allegations of constitutional violations, "[i]t is well-settled that a chilling effect on one's constitutional rights constitutes a present injury in fact[,]" however, a "litigant alleging chill must still establish that a concrete harm . . . occurred or is imminent." *Lucas v. Rapier, et al.*, No. 1:25-cv-563, 2026 WL 1010045, at *5 (S.D. Ohio Feb. 3, 2026) (quoting *McGlone v. Bell*, 681 F.3d 718, 729 (6th Cir. 2012) and *Morrison v. Bd. of Educ. of Boyd Cnty.*, 521 F.3d 602, 610 (6th Cir. 2008)).  "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Parsons v. U.S. Dep't of Just.*, 801 F.3d 701, 711 (6th Cir. 2015) (quoting *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972)).

The contrast between Plaintiff's allegations of harm and the type of harm found sufficient to establish Article III standing in First Amendment jurisprudence underscores the deficiency of his claims.  In *Meriwether*, for example, the plaintiff demonstrated a "concrete, particularized, and actual or imminent" injury in relation to his First Amendment claim: defendants subjected him to a formal investigation, placed a written warning in his personnel file, and threatened him with

3

"[s]uspension without pay and termination, among other possible punishments" due to his speech on the use of a person's preferred pronouns. *First Choice Women's Res. Ctrs., Inc.*, 146 S.Ct. at 1122; *Meriwether v. Hartop*, 992 F.3d 492, 498-501 (6th Cir. 2021).  Likewise, in *Garcetti*, the plaintiff was reassigned from his calendar deputy position to a trial deputy position, transferred to another courthouse, and denied a promotion due to his speech. *Garcetti v. Ceballos*, 547 U.S. 410, 413-15 (2006).  In each case, the plaintiff suffered an injury that was concrete and actual or "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

Plaintiff has alleged nothing comparable.  Nowhere in his Complaint does Plaintiff allege that the Individual Defendants or anyone at the University punished him, took any action against him, or otherwise attempted to prohibit him from speaking about, discussing, or teaching DEI-related topics or meeting with students, faculty, or other persons outside the University to discuss DEI-related topics.  Nor does he allege that the Individual Defendants or anyone at the University has *threatened* to punish him or take any action against him for speaking about, discussing, or teaching DEI-related topics or meeting with others to discuss DEI-related topics.

Plaintiff's deposition testimony eliminates any doubt.  Plaintiff *admits* that he has not been subject to any formal disciplinary or administrative actions, had his salary or compensation reduced, suffered any change in his tenure status or his Richard T. Farmer associate professorship status, been demoted in any way, or been denied a promotion since the events described in his Complaint.  Rice Dep. 47:16-24; 157:17-158:12; 199:10-25, 200:4-201:3, Doc. 27 at PageID 640, 750-51, 792-94.  He further *admits* that neither the Individual Defendants nor anyone at the University has interfered with his teaching, researching, scholarship, or publishing, restricted him in any way from discussing DEI-related topics or any other issues, or prohibited him from attending, presenting at, or participating in DEI-related conferences.  Rice Dep. 21:19-21; 64:9-

4

68:20; 70:1-71:4; 81:22-82:25; 85:9-86:17; 109:19-23; 192:8-20, Doc. 27 at PageID 614, 657-61, 663-64, 674-75, 678-79, 702, 785.  Any harm Plaintiff claims to have suffered as a result of the Individual Defendants' alleged First Amendment violations is purely conjectural or hypothetical – not the "concrete, particularized, and actual or imminent" injury that Article III demands.  *First Choice Women's Res. Ctrs., Inc.*, 146 S.Ct. at 1122.

Plaintiff's Opposition devotes considerable attention to the merits of his First Amendment claims – whether the gatherings, meetings, and forums discussed in his Complaint constitute government speech or "designated and limited public forums," whether he "was engaged in core academic functions," whether "active academic forums were systematically targeted and dismantled due directly to the content of Plaintiff's speech," and whether the Individual Defendants' "statutory compliance defense is . . . an absolute pretextual sham." Pl.'s Opp'n Br. 3, 9, Doc. 34 at PageID 1371, 1377.  None of these arguments matter.  Each of his arguments presupposes what Plaintiff has yet to establish: that he has standing to bring his First Amendment claims in the first place.  Standing is a "threshold jurisdictional issue" that must be resolved before any merits question is reached.  *Kitchen v. Whitmer*, 106 F.4th 525, 533 (6th Cir. 2024).  Because Plaintiff has not shown he has standing to bring his First Amendment claims, the Court need not – and should not – reach the merits arguments Plaintiff raises in his Opposition.

*Fourteenth Amendment Claims*

Equal Protection Claim

Plaintiff's Equal Protection claim fares no better.  He fails to plausibly allege that he has suffered a "concrete, particularized, and actual or imminent" injury as a result of the Individual Defendants' alleged "discontinu[ation] [of] Plaintiff's service opportunities consistent with his professional knowledge . . . ."  Compl. ¶ 206, Doc. 1 at PageID 29; *First Choice Women's Res.*

*Ctrs., Inc.*, 146 S.Ct. at 1122.  Nowhere in his Complaint does Plaintiff allege that he has been denied a promotion, suffered a reduction in salary, had his tenure revoked, or had any other adverse action taken against him because he was not provided service opportunities consistent with his professional knowledge.  He has likewise not alleged that the Individual Defendants or anyone at the University has threatened to take such action.  His deposition testimony confirms the absence of an injury: Plaintiff *admitted* that no one at the University has warned him that he is falling short in meeting his service requirements, suggested to him that his previous work with disbanded committees, projects or programs will not count towards his service requirements, prohibited him from pursuing other service opportunities, or suggested that his future annual evaluations will be negatively impacted by the Individual Defendants' implementation of SB 1 or the discontinuation of DEI programs, departments, or offices.  Rice Dep. 153:9-154:3; 157:17-158:12; 187:6-188:1; 196:24-197:10; 198:21-25, Doc. 27 at PageID 746-47, 750-51, 780-81, 789-91.

In his Opposition, Plaintiff attempts to salvage his Equal Protection claim by asserting that the Individual Defendants created an "unequal employment structure that actively impairs his ability to advance to Full Professor."  Pl.'s Opp'n Br. 10, Doc. 34 at PageID 1378.  To support this allegation of injury, he selectively quotes the Individual Defendants' responses to his Requests for Admission, claiming "Defendants have formally admitted under oath that 'the University has not provided Plaintiff new service roles since the Farmer School of Business DEI Service Committee was discontinued' and that 'the criteria for Plaintiff's promotion to Full Professor remained unchanged.'"  *Id.*  Plaintiff grossly mischaracterizes the scope and substance of the Individual Defendants' Admission.  Plaintiff omits the critical qualifying language that immediately precedes the passage he quotes: "Plaintiff has *not requested* that the University provide him with new service roles."  Pl.'s Opp'n Br., Ex. A. 7, Doc. 34-1 at PageID 1393 (emphasis added).  He

confirms this fact in his deposition testimony.  *See* Rice Dep. 195:14-196:23, Doc. 27 at PageID 788-89.  He further admits that neither the Individual Defendants nor anyone at Miami University has told him or otherwise suggested that they do not want him to demonstrate meaningful leadership by seeking out service roles.  *See* Rice Dep. 194:22-195:5, Doc. 27 at PageID 787-88.  Plaintiff cannot manufacture an injury by declining to pursue the service opportunities he claims were denied to him.  Because Plaintiff has failed to demonstrate that he suffered a concrete and particularized injury sufficient to establish Article III standing on his Equal Protection claim, the Court similarly need not – and should not – consider Plaintiff's arguments on the merits.

Due Process and Void-for-Vagueness Claims

Plaintiff likewise cannot establish a "concrete, particularized, and actual or imminent" injury in relation to his remaining Fourteenth Amendment claims.  *First Choice Women's Res. Ctrs., Inc.*, 146 S.Ct. at 1122.  As to his Due Process claim, the racial discrimination claim Plaintiff filed pertained to perceived racial discrimination against *other individuals*, not against him.  Compl. ¶¶ 104-05, Doc. 1 at PageID 14; Rice Dep. 203:19-204:24, Doc. 27 at PageID 796-97.  He therefore could not have suffered any particularized injury from being denied "a meaningful opportunity to be heard . . . [regarding] his racial discrimination claim" – he was simply not affected "in a personal and individual way."  Compl. ¶ 214, Doc. 1 at PageID 30; *Food and Drug Admin. v. Alliance for Hippocratic Med.*, 602 U.S. 367, 381 (2024) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, n. 1 (1992)).

As to his Void-for-Vagueness claim, Plaintiff has *admitted* that he has suffered no "concrete, particularized, and actual or imminent" injury due to the Individual Defendants' allegedly arbitrary and capricious implementation of SB 1.  *First Choice Women's Res. Ctrs., Inc.*, 146 S.Ct. at 1122.  His compensation, tenure, and Richard T. Farmer Associate Professorship have

7

not been impacted, nor has his ability to speak about, discuss, or teach DEI-related topics or meet with others to discuss DEI-related topics been impacted by the Individual Defendants' implementation of SB 1.  Rice Dep. 21:19-21; 47:16-24; 64:9-68:20; 70:1-71:4; 81:22-82:25; 85:9-86:17; 109:19-23; 157:17-158:12; 192:8-20; 199:10-25, 200:4-201:3, Doc. 27 at PageID 614, 640, 657-61, 663-64, 674-75, 678-79, 702, 750-51, 785, 792-94.  Any injuries Plaintiff alleges in relation to his Fourteenth Amendment claims are purely conjectural or hypothetical, not actual or imminent, and are insufficient to establish Article III standing.

Because Plaintiff has not established Article III standing for any of his First and Fourteenth Amendment claims, these claims should be dismissed or, in the alternative, summary judgment should be granted in the Individual Defendants' favor.  The Court need not reach the merits of these claims.

### B. Plaintiff does not allege intentional discrimination.

Even if Plaintiff could establish Article III standing for his Equal Protection claim, dismissal is independently warranted for a separate and equally fundamental reason: Plaintiff has never alleged – and cannot allege – intentional discrimination, which is an essential element of any Equal Protection cause of action.  "To state an equal protection claim, Plaintiff must show intentional and arbitrary discrimination by the state [or a state actor]; that is, he must show that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Solly v. Hoying, et al.*, No. 2:24-cv-1249, 2026 WL 1026794, at *2 (S.D. Ohio Apr. 16, 2026) (quoting *Coleman-Young v. Bonn*, No. 1:25-cv-58, 2025 WL 718974, at *6 (W.D. Mich. Mar. 6, 2025)); *see also Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008) ("To state a claim, Brand needed only to allege sufficient facts to show 'that a state actor intentionally discriminated against [him] because of membership in a protected class.'") (citations

8

omitted).  "[M]ere disparate impact is not sufficient to state an equal protection claim under § 1983."  *Weberg v. Franks*, 229 F.3d 514, 528 (6th Cir. 2000).

Here, the undisputed record effectively forecloses any finding of intentional discrimination.  Plaintiff has repeatedly professed his belief that the Individual Defendants' decisions to discontinue various committees, centers, and offices were *not* intentionally discriminatory.  Compl., Ex. 13, Doc. 1-1 at PageID 79-82.  He reaffirmed this belief under oath at his deposition, testifying that the Individual Defendants did not intend to discriminate against ethnic minority staff members, or against him personally due to his race, when closing various committees, centers, or offices.  Rice Dep. 203:1-18, Doc. 27 at PageID 796.  He further conceded that any decisions to terminate committees on which he served, such as the FSB DEI Service Committee, were not directed at him personally.  Rice Dep. 200:21-201:3, Doc. 27 at PageID 793-94.  Plaintiff's Opposition never addresses, let alone retracts, this fatal concession.  Because Plaintiff has admitted that neither the Individual Defendants, nor anyone else at the University, intentionally discriminated against him, his Equal Protection claim fails as a matter of law.  This claim should be dismissed or, in the alternative, summary judgment should be granted in the Individual Defendants' favor on this separate and independent ground.

### C. Plaintiff has not identified any protected liberty or property interest of which he has been deprived.

Similarly, even if Plaintiff could establish Article III standing for his Due Process and Void-for-Vagueness claims, dismissal is independently warranted on a separate and equally fundamental ground: Plaintiff has never alleged – and cannot allege – that he was deprived of a protected liberty or property interest.  As set forth in the Individual Defendants' opening brief, a procedural due process claim requires Plaintiff to demonstrate "(1) he had a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment; (2) that

9

Defendants deprived him of this protected interest; and (3) that Defendants did not afford him adequate procedural rights before depriving him of this protected interest." *Zdebski v. Schmucker*, 972 F. Supp.2d 972, 990 (E.D. Mich. 2013) (citing *Wedgewood Ltd. P'ship I v. Twp. of Liberty, Ohio*, 610 F.3d 340, 349-50 (6th Cir. 2010)).  The same threshold requirement applies to his Void-for-Vagueness claim: Plaintiff must allege the deprivation of a protected liberty or property interest.  *See City of Chicago v. Morales*, 527 U.S. 41, 52 (1999) (plurality) (holding a statute may be void for vagueness if it "fails to establish standards . . . that are sufficient to guard against the arbitrary deprivation of liberty interests").  Plaintiff has identified no such interest.  No authority supports the proposition that he has a "legitimate claim of entitlement" to an internal investigation of a racial discrimination complaint.  *The Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).  Nor does Plaintiff – as he acknowledged in his deposition – have a "legitimate claim of entitlement" to any specific committee assignment.  Rice Dep. 91:3-93:11, Doc. 27 at PageID 684-86.

Plaintiff's Opposition does nothing to cure this fatal deficiency.  Rather than confront his failure to identify a protected interest, Plaintiff attempts to redirect the Court's attention to purported admissions of vagueness, asserting that "[i]n open court and while under oath, the Defendants explicitly stated that 'the law [Ohio SB1] is not clear' (Oral Arg. Tr., Doc. 17, PageID 518), and their own General Counsel formally characterized Ohio SB1 as 'ambiguous' (*See* Ver. Compl., Pl. Ex. 29, Doc. 1, PageID 138)."  Pl.'s Opp'n Br. 11, Doc. 34 at PageID 1379.  Plaintiff's attempt to salvage his Void-for-Vagueness claim fails for multiple reasons.

First, Plaintiff misrepresents counsel for the Individual Defendants' statements at the TRO hearing.  Nowhere in the TRO hearing transcript does counsel for the Individual Defendants characterize SB 1 as ambiguous or unclear.  The passage Plaintiff cites is a response to Plaintiff's

10

assertion that the law, as it relates to the claims in this case, and the facts relevant to this case are clear and, thus, a TRO is warranted. TRO Hr'g Tr. 40:18-20, Doc. 17 at PageID 518. The statements Plaintiff refers to have no relevance to SB 1. In fact, the only party who described SB 1 as ambiguous or unclear during the TRO hearing was Plaintiff himself. *See, e.g.,* TRO Hr'g Tr. 22:3-9; 23:12-19; 28:7-10; 56:1-8, Doc. 17 at PageID 500-01, 506, 534.

Second, Plaintiff equally mischaracterizes the University General Counsel's statements. The General Counsel never described SB 1 as ambiguous. She stated only that "interpretation is left to the agency/institution to evaluate how to best approach any ambiguities which exist." Compl., Ex. 29, Doc. 1-1 at PageID 138. That statement clarifies the University's role in implementing SB 1 – it does not concede that SB 1 is vague or ambiguous.

Third, even if Plaintiff's characterizations of these statements were accurate, they would not rescue his Void-for-Vagueness claim. Regardless of whether the Individual Defendants or anyone at the University admits that SB 1 is ambiguous, Plaintiff's claim remains fatally deficient because he has not identified – and cannot identify – a protected liberty or property interest of which he has been deprived. Without that threshold showing, any argument about whether or not the statute is ambiguous is beside the point.

Plaintiff's due process arguments in his Opposition fare no better. His contentions that the Individual Defendants violated the University's institutional codes and that the Individual Defendants' actions were pretextual are irrelevant unless Plaintiff can first demonstrate that he has been deprived of a protected liberty or property interest. Pl.'s Opp'n Br. 10-11, Doc. 34 at PageID 1378-79. He has not done so.

11

Accordingly, Plaintiff's Due Process and Void-for-Vagueness claims should be dismissed or, in the alternative, summary judgment should be granted in the Individual Defendants' favor on these claims, on this separate and independent ground.

**D. Plaintiff has not exhausted his administrative remedies.**

Plaintiff's Title VII Disparate Impact and Retaliation claims similarly fail at the threshold: he has not exhausted his administrative remedies.  Plaintiff has not timely filed a charge of employment discrimination with the EEOC, nor has he received a right-to-sue letter.  As receipt of a right-to-sue letter from the EEOC is a condition precedent to filing a Title VII action in federal district court, these claims must be dismissed.  *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031-32.  No amount of supplemental argument can cure this defect, and the Court need not reach the merits of these claims.

Even assuming Plaintiff exhausted his administrative remedies before filing suit, Plaintiff's substantive allegations independently confirm the weakness of his Title VII claims.  In his Opposition, Plaintiff attempts to scrounge together a prima facie showing of Title VII retaliation, arguing that the Individual Defendants "stripped Plaintiff of his long-standing leadership infrastructure, blocked his live research collaborations . . .  and provided him with zero alternative service avenues to maintain his career progression under the Teacher-Scholar Model," and that "there was a causal connection between [Plaintiff's] protected activity and the adverse employment action."  Pl.'s Opp'n Br. 14, Doc. 34 at PageID 1382; *Laughlin v. City of Cleveland*, 633 F. App'x 312, 315 (6th Cir. 2015) (quoting *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008)).  But these allegations of harm are contradicted by Plaintiff's own sworn testimony.  Plaintiff admitted under oath that neither the Individual Defendants nor anyone else at the University has interfered with his research.  Rice Dep. 70:3-71:4; 72:15-20; 109:19-23; 158:4-

12

10, Doc. 27 at PageID 663-65, 702, 751.  He likewise has admitted that under oath that he is not required to chair a DEI committee to receive service credit, nor has he requested that the Individual Defendants or anyone at the University provide him with alternate service opportunities.  Rice Dep. 195:9-196:23, Doc. 27 at PageID 788-89.

Plaintiff's Title VII claims thus fail twice over: they are procedurally barred for want of administrative exhaustion, and they are substantively unsupported by the record.  Accordingly, the Court should dismiss both Plaintiff's Disparate Impact and Retaliation claims, or in the alternative, grant summary judgment in the Individual Defendants' favor.

### E.  Plaintiff's Promissory Estoppel claim is barred by the Eleventh Amendment.

Plaintiff argues that he has made a prima facie showing of promissory estoppel.  It does not matter.  His promissory estoppel claim is jurisdictionally barred by the Eleventh Amendment.

As the Individual Defendants state in their opening brief, under the Eleventh Amendment, federal courts *do not have jurisdiction* to require state officials to conform their conduct to state law.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120-21 (1984); *see also Bleick v. Maxfield*, No. 2:25-cv-1140, 2025 WL 3525356, at *10 (S.D. Ohio Dec. 9, 2025) ("A claim that a state official violates state law in carrying out his or her official duties is a claim against the State, which is barred by the Eleventh Amendment, depriving a federal court of jurisdiction to hear the matter.").  This jurisdictional bar can be overcome only if the state has consented to waive its immunity or if Congress has abrogated it.  *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("The federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the Eleventh Amendment."); *Omni Energy Grp. LLC v. Ohio Dep't of Nat. Res.*, No. 2:25-cv-15, 2026 WL 820547, at *11 (S.D. Ohio Mar. 25, 2026) ("There are three exceptions to state sovereign

immunity: (1) waiver by state consent to the suit; (2) express abrogation of state sovereign immunity by Congress; and (3) the *Ex Parte Young* doctrine.").  Neither exception applies in the case at bar.

Plaintiff's promissory estoppel claim does exactly what the Eleventh Amendment forbids. It asks this Court to enforce an alleged promise made by public university officials acting in their official capacities, governed entirely by Ohio contract principles, and to recover money damages against those officials.  Because the Individual Defendants have neither waived immunity nor consented to this suit, and because their immunity has not been abrogated, this Court lacks jurisdiction over the claim.  Plaintiff's promissory estoppel claim should therefore be dismissed or, in the alternative, summary judgment for this claim should be granted in the Individual Defendants' favor.

## III.    CONCLUSION

As demonstrated above and in the Individual Defendants' opening brief, each of Plaintiff's claims suffers from fatal deficiencies – the most fundamental of which is the absence of Article III standing.  Even assuming Plaintiff could establish Article III standing, his claims remain independently deficient on both procedural and substantive grounds.

The Court should dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and/or 12(b)(6) for failure to state a claim upon which relief can be granted.  In the alternative, should the Court choose to consider matters outside the pleadings pursuant to Fed. R. Civ. P. 12(d), summary judgment should be entered in favor of the Trustees of Miami University on all claims.

14

Respectfully submitted,


 /s/ Heather V. Van Hull
Richard L. Creighton, Jr. (0021806)
Heather V. Van Hull (0104564)
Christo V. Fosse (0106079)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, OH  45202
Telephone: (513) 579-6400
Fax: (513) 579-6457
rcreighton@kmklaw.com
hvanhull@kmklaw.com
cfosse@kmklaw.com

*Attorneys for Individual Defendants*

15

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and exact copy of the foregoing was served upon the following

via electronic mail this 1st day of June, 2026:

Darryl Rice
Dbrice1204@gmail.com, *Plaintiff, pro se*

*/s/ Heather V. Van Hull*